# STATE OF MICHIGAN

# COURT OF APPEALS

AUTO-OWNERS INSURANCE COMPANY,

Plaintiff/Counter-Defendant-
Appellant,

v

WILLIAM MORSE and CALLY MORSE,

Defendants/Counter-
Plaintiffs/Third-Party Plaintiffs-
Appellees,

and

HUMANA HEALTH PLAN OF MICHIGAN,
INC.,

Defendant,

and

ACUITY INSURANCE COMPANY,

Third-Party Defendant.

UNPUBLISHED
November 19, 2015

No.  322635
Calhoun Circuit Court
LC No.  2012-000320-CK

Before:  SERVITTO, P.J., and WILDER and BOONSTRA, JJ.

PER CURIAM.

In this interlocutory appeal, plaintiff appeals by leave granted[1] the trial court's order denying its motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact) and granting summary disposition in part to defendants William and Cally Morse

---

[1] *Auto-Owners Ins Co v Morse*, unpublished order of the Court of Appeals, entered December 16, 2014 (Docket No. 322635).

-1-

pursuant to MCR 2.116(I)(2) (opposing party entitled to judgment).[2] The trial court's order reformed a no-fault automobile insurance policy issued by plaintiff to Mor-Dall Enterprises, Incorporated (Mor-Dall), a business owned by defendants' son, Aaron Morse, so as to provide personal protection (PIP) benefits to defendants for injuries sustained in an out-of-state automobile accident. We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

While vacationing in Hawaii in 2011, defendants, passengers in a rental van, were involved in a motor vehicle accident. At the time of the accident, neither defendant owned a vehicle or was listed as a named insured on a Michigan no-fault automobile insurance policy.

Nonetheless, defendants sought PIP benefits from plaintiff under the policy it had issued to Mor-Dall; the parties refer to that policy as "Policy 42." Aaron had obtained Policy 42, in his individual name, in June 2006 through Medler Insurance Agency. In September 2006, at Aaron's request, the named insured on Policy 42 was changed to Mor-Dall.

In 2009, plaintiff canceled defendants' personal no-fault policy at defendants' request and transferred their names to Policy 42 as "added drivers." The endorsement adding defendants as drivers also added William's 2005 Ford Explorer as a vehicle on Policy 42. On the date of the accident, Policy 42 listed five identified drivers and seven vehicles. Defendants were two of the listed drivers. Two of the vehicles were owned by Mor-Dall and the other five, including William's Explorer, were privately owned. However, despite remaining listed on the policy, it is undisputed that William sold the Explorer more than three months before the accident. At the time of the accident, Policy 42 did not provide "broad form coverage" to either defendant.[3]

Plaintiff denied coverage to defendants, citing the language of Policy 42. "SECTION II – PERSONAL INJURY PROTECTION" of the "no-fault insurance endorsement" section of Policy 42 provides in relevant part:

1. COVERAGE

Subject to the provisions of this endorsement and of the policy to which this endorsement is attached, we will pay personal injury protection benefits to or on behalf of an injured person for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, subject to the provisions of Chapter 31 of the Michigan Insurance Code.

---

[2] Defendant Humana Health Plan of Michigan, Incorporated and third-party defendant Acuity Insurance Company are not parties to this appeal. Accordingly, this opinion will refer to William and Cally Morse as "defendants."

[3] The record reflects that a broad form coverage endorsement is commonly used in commercial automobile insurance policies where the named insured is a corporation. Such an endorsement confers upon listed persons "named insured" status, entitling those persons to bodily injury and PIP coverage.

2. EXCLUSIONS

We will not pay personal protection insurance benefits for:

* * *

d. bodily injury sustained outside of Michigan unless:

(1) the injured person was occupying the insured motor vehicle, the motor vehicle accident occurred within the United States, its territories, and possessions of Canada, and if other than the named insured or relative is not entitled to benefits as a named insured or relative in any other insurance policy providing benefits under Chapter 31 of the Michigan Insurance Code.

(2) the injured person

(a) is a named insured under this insurance policy; or

(b) is the spouse or relative of such named insured.

This exclusion is consistent with MCL 500.3111, which provides:

Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household or an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy or has provided security approved by the secretary of state under subsection (4) of section 3101.

After defendants threatened to bring suit for PIP benefits, plaintiff filed a complaint for declaratory judgment, requesting that the trial court declare that defendants were not entitled to PIP benefits under Policy 42. Defendants counterclaimed, in part requesting the trial court reform the policy to make them named insureds that would therefore be entitled to PIP benefits.[4]

Plaintiff moved for summary disposition on both its declaratory judgment claim and defendants' counterclaim pursuant to MCR 2.116(C)(10). The trial court denied the motion and

---

[4] Defendants also asserted a claim for breach of contract. As discussed later in this opinion, defendants concede that, under Policy 42 as written, they are not entitled to PIP benefits for the subject accident. As a result, absent the reformation defendants seek, plaintiff cannot be found to have breached Policy 42 by failing to pay PIP benefits. Defendants' claim for breach of contract is thus dependent on the validity of the trial court's reformation of the policy.

instead granted partial summary disposition to defendants under MCR 2.116(I)(2). Specifically, and in reliance on *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242; 819 NW2d 68 (2012), the court found that Policy 42 must be reformed to make defendants named insureds because (1) Mor-Dall lacked an insurable interest in Policy 42, and (2) the policy impermissibly shifted plaintiff's primary statutory burden for the payment of defendants' PIP benefits. This Court granted plaintiff's application for leave to appeal.

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition under MCR 2.116(C)(10). "Equitable issues, such as arguments for . . . reformation, are also reviewed de novo." *Kaftan v Kaftan*, 300 Mich App 661, 665; 834 NW2d 657 (2013). Likewise, whether one has an "insurable interest" is a question of law that we review de novo. *Morrison v Secura Ins*, 286 Mich App 569, 572; 781 NW2d 151 (2009).

## III. ANALYSIS

At the outset, we reject plaintiff's unpreserved argument that defendants, as non-parties to Policy 42, lacked standing to request reformation of the policy. In initiating this action, plaintiff identified defendants as named parties to the action, and requested that the trial court declare it not to be responsible for the payment of PIP benefits to defendants under Policy 42. Defendants' future conduct in pursuing PIP benefits would be guided by the result of this declaratory action. Accordingly, the trial court was entitled to declare the rights and responsibilities of all parties under the policy, including reforming the policy if appropriate. See *Allstate Ins Co v Hayes*, 442 Mich 56, 61, 69-70; 499 NW2d 743 (1993); MCR 2.605. An actual controversy thus existed between the parties, and we decline to reverse the trial court on standing grounds. See *Lansing Schools Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349, 372; 792 NW2d 686 (2010).

Defendants concede that they are not entitled to PIP benefits under Policy 42 as written. Therefore, the sole issue is whether the trial court erred in reforming the policy. We conclude that it did. "An automobile insurance policy may be reformed as a result of fraud, mutual mistake, or inequitable conduct." *Liberty Mut Ins Co v Mich Catastrophic Claims Ass'n*, 248 Mich App 35, 47; 638 NW2d 155 (2001).[5] Additionally, in *Corwin*, 296 Mich App at 247, this Court held that the no-fault insurance policy at issue in that case required reformation because

---

[5] The trial court declined to grant summary disposition under MCR 2.116(C)(10) on grounds of mutual mistake, finding that a question of fact existed in that respect. Although an argument to the contrary was advanced in plaintiff's application for leave to appeal, plaintiff's brief and reply brief advance no such argument. Accordingly, we deem any issue related to mutual mistake abandoned for purposes of this appeal and decline to address it. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court."). Defendants did not allege before the trial court that the policy should be reformed on the grounds of fraud or inequitable conduct.

(1) as written, the policy was void since the named insured lacked an "insurable interest"; and (2) the policy as written allowed the insurer to "avoid or shift its statutory primary responsibility for PIP benefits." This Court thus found that the policy at issue in *Corwin* violated public policy and the legislative intent behind the no-fault act, see MCL 500.3114. *Id*. at 261-263.

We hold that the trial court erred in concluding that Mor-Dall lacked an insurable interest in Policy 42. Mor-Dall was statutorily obligated to carry no-fault insurance with respect to the two insured vehicles owned by the corporation. See MCL 500.3101(1). By paying insurance premiums to plaintiff for these two vehicles, Mor-Dall received not only the benefit of complying with this statutory mandate, but received coverage for property damage and residual liability arising from the use of these two vehicles. Further, the policy provided for PIP benefits relating to bodily injury resulting from the use of these two vehicles. Pursuant to the policy language, Mor-Dall also received coverage for property damage and residual liability involving the five listed privately owned vehicles, and PIP benefits were available for bodily injury arising out of the use of those five vehicles.

Defendants appear to argue that Mor-Dall lacked an insurable interest because defendants were not eligible for PIP benefits under the particular circumstances of this accident. However, "[A]n 'insurable interest' . . . can be any kind of benefit from the thing so insured or any kind of loss that would be suffered by its damage or destruction." *Corwin*, 296 Mich App at 257-258 (quotation marks and citation omitted). Mor-Dall received several types of coverages, applicable in several different circumstances, as a result of its payment of insurance premiums to plaintiff. By contrast, in *Corwin*, the named insured, a corporation, lacked *any* insurable interest in the no-fault policy, i.e., absent reformation, there was no situation in which the defendant-insurer would be liable for the payment of personal protection, property protection, or residual liability benefits. *Id*. at 258. Defendants also place great weight on the fact that, as a corporation, Mor-Dall cannot suffer bodily injury. *Id*. at 259. While this is true, it does not necessarily follow that Mor-Dall received no benefit from its payment for PIP coverage. On the contrary, as discussed, PIP benefits were available to occupants of the listed vehicles if they were involved in an accident. In this case, however, defendants were not in a listed vehicle when injured and were out of state at the time. Coverage in those circumstances was excluded by Policy 42; however, the presence of an exclusion does not equate to the lack of an insurable interest, provided that there are some situations (as indeed there are here) where plaintiff would be required to pay PIP benefits on behalf of Mor-Dall. See *id*. at 258. Accordingly, the trial court erred in concluding that reformation of Policy 42 was required because Mor-Dall lacked an insurable interest.

The trial court also erred in concluding that Policy 42 shifted responsibility for the payment of PIP benefits from plaintiff to the Assigned Claims Facility. Benefits from the Assigned Claims Facility are only available for accidents occurring in Michigan, MCL 500.3172(1); thus, the Assigned Claims Facility has little bearing on the instant question. Moreover, even if the accident had occurred in Michigan, Policy 42 would not necessarily have shifted liability from plaintiff to the Assigned Claims Facility. In that event, PIP benefits would have been available under the policy if at the time of the accident defendants had occupied a vehicle listed in Policy 42. If, on the other hand, defendants had been injured in a Michigan accident while occupying a vehicle not listed in Policy 42, they indeed then would only have been eligible for PIP benefits from the Assigned Claims Facility. See MCL 500.3114. However, this fact does not require reformation of the policy. At the time of the accident, defendants did

-5-

not own a motor vehicle and, therefore, were not required to carry no-fault insurance. MCL 500.3101(1). The described situation is therefore one to which the Assigned Claims Facility is expressly intended to apply. MCL 500.3172(1) (An individual is entitled to PIP benefits from the Assigned Claims Facility "if no personal protection insurance is applicable to the injury").[6] For all of these reasons, Policy 42 did not impermissibly shift plaintiff's statutory responsibility to the Assigned Claims Facility.

We accordingly reverse the trial court's partial grant of summary disposition in favor of defendants.[7] We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Deborah A. Servitto
/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra

---

[6] By contrast, in *Corwin*, this Court noted that the insurance policy, as written, was void, and absent reformation the plaintiff would have been in violation of his statutory duty to maintain no-fault insurance, which he had attempted to comply with by purchasing insurance from the defendant. See *Corwin*, 296 Mich App at 260. No such concern exists in the instant case.

[7] As a result, we need not address plaintiff's argument that the trial court abused its discretion in denying its motion for reconsideration.