*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF MICHAEL WELLS, by GREGORY
WELLS, Personal Representative,

UNPUBLISHED
May 26, 2022

Plaintiff-Appellant,

v

No. 348135
Macomb Circuit Court
LC No. 2017-003739-NI

STATE FARM FIRE & CASUALTY COMPANY,

Defendant-Appellee,

and

JOSEPH NARRA,

Defendant.

ON REMAND

Before: GLEICHER, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

This matter is again before us, now on remand by the Supreme Court. By order dated February 4, 2022, the Supreme Court, in lieu of granting leave, reversed in part and vacated in part our July 16, 2020, judgment and remanded this case to consider an additional issue presented on appeal. Specifically, the Supreme Court gave the following directions on remand:

> On remand, the Court of Appeals shall consider whether the motor-vehicle-exclusion provision in defendant's policy applies to deny coverage. If the court determines that the motor-vehicle-exclusion provision does apply, then it need not address whether plaintiff pled a covered accident under the policy. But if the court determines that the motor-vehicle-exclusion provision does not apply, then the court should reconsider whether plaintiff pled a covered accident under the policy.

-1-

For the reasons discussed below, we conclude that the homeowner's policy exclusion shields defendant State Farm ("defendant") from responsibility to pay the $475,000 award contained in the underlying consent judgment.

The facts of this case are fully set forth in our earlier opinion and need not be repeated at length here. Briefly, plaintiff's decedent was killed in a single-vehicle accident while an occupant, along with other teenagers, in a 2008 Jaguar. Plaintiff alleged that the Jaguar was operated by one of the other individuals in the car and that the driver was underage and intoxicated and that the intoxication was due to alcohol or drugs furnished to them at the home of their friend Gregory Bobchick. Bobchick's parents were insured under a home-owners policy issued by defendant. Plaintiff brought claims of both automobile negligence and social-host liability. After settling the automobile claims, plaintiff entered into a consent judgment to settle the social-host claims for $475,000. Plaintiff then sought declaratory judgment against defendant to determine that it was liable for payment of that judgment under the home-owners policy. In lieu of filing an answer, defendant moved for summary disposition arguing multiple reasons. The trial court granted summary disposition in favor of defendant.

Initially, we must determine whether our review is limited to the pleadings or whether it would be appropriate to consider whether the offered evidence would establish a genuine issue of material fact to be resolved at trial. It is clear to us that our Supreme Court expects this Court to confine itself to analysis based on the pleadings alone. The Supreme Court's March 26, 2021 order scheduling oral argument on the application for leave directed the parties to provide supplemental briefing, twice referring to MCR 2.116(C)(8) and directing the parties to address in their briefs the issue of what documents are properly considered for that purpose. Furthermore, Justice ZAHRA's concurrence to the February 4, 2022 remand order specifically encouraged this Court to "closely consider" defendant's homeowner's policy and the consent judgment from plaintiff's underlying action.

In looking at the pleadings alone, we conclude that the doctrine of judicial estoppel precludes plaintiff from avoiding operation of the insured-owner exclusion. "Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (quotation marks and citations omitted). Under the doctrine, " 'a party who has *successfully* and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding.' " *Paschke v Retool Indus*, 445 Mich 502, 509; 519 NW2d 441 (1994) (emphasis in original), quoting *Lichon v American Univ Ins Co*, 435 Mich 408, 416; 459 NW2d 288 (1990). However, "the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true." *Paschke*, 445 Mich at 510. Further, the doctrine applies only where the claims are "wholly inconsistent." *Id.*

The homeowner's policy at issue includes an exclusion of coverage for personal liability, or payment of medical expenses of others, stemming from "**bodily injury** or **property damage** arising out of the ownership, maintenance, use, loading or unloading of . . . a **motor vehicle** owned or operated by or rented or loaned to any **insured** . . . ."

Plaintiff's complaint underlying this case alleged that the subject 2008 Jaguar was "owned by Robert Edmund Cerrito." Apparently it is on this basis, with the implication that if Cerrito is the owner, the Bobchicks are not owners, that plaintiff asserts in his brief on appeal that he had "sufficiently pled in avoidance of this exclusion," while arguing that "any argument regarding the motor vehicle exclusion . . . should be remanded for consideration of its applicability after proper factual development through discovery." In fact, plaintiff's assertion that Cerrito owned the vehicle, taken as true for purposes of this analysis, is hardly dispositive with respect to the exclusion, because "[t]here may be multiple owners of a vehicle for purposes of the no-fault act." *Chop v Zielinski*, 244 Mich App 677, 681; 624 NW2d 539 (2001).

The statutory provisions governing what constitutes ownership of a motor vehicle "operate to prevent users of motor vehicles from obtaining the benefits of personal protection insurance without carrying their own insurance through the expedient of keeping title to their vehicles in the names of family members." *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999). MCL 500.3101(3)(*l*) thus defines "owner" for purposes of the no-fault act to include, under subparagraph (*i*), "[a] person . . . having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days," as well as, under subparagraph (*iii*), "[a] person that holds the legal title to a motor vehicle." But the contractual exclusion at issue is not limited to vehicles owned by an insured, but rather includes vehicles operated by, or lent to, an insured. Plaintiff's pleadings, and operation of judicial estoppel, establish that the subject vehicle comes under this exclusion.

Not in dispute is that plaintiff, as we observed in our original opinion, "asserted automobile owner's liability, MCL 257.401, against the Bobchicks" in his lawsuit that resulted in settlement of the "automobile claims with the Bobchicks" and their auto insurer.[1] Unpub op at 2. This Court further noted that plaintiff then entered an agreement "with the Bobchicks to settle plaintiff's social host liability claims for $475,000," the result of which was that "a consent judgment in favor of plaintiff against the Bobchicks was entered . . . providing for payment of $100,000 by [the Bobchicks' auto insurer] to settle plaintiff's automobile claims and judgment against the Bobchicks in favor of the plaintiff on its social host liability claim in the amount of $475,000." *Id.* at 2-3. Inherent in plaintiff's position with regard to those facets of the related litigation is the assertion that the Bobchicks had an insurable interest in the subject vehicle.

> Under Michigan law, an insured must have an "insurable interest" to support the existence of a valid automobile liability insurance policy. And, the insurable interest must be that of a named insured. An insurable interest need not be in the nature of ownership, but rather can be any kind of benefit from the thing so insured or any kind of loss that would be suffered by its damage or destruction. An individual can have an insurable interest in a motor vehicle without having title to the vehicle. . . . The insurable interest requirement arises out of long-standing

---

[1] Plaintiff's second amended complaint in that action asserted that Robert Cerrito was the registered owner of the subject Jaguar, but that the Bobchicks "took possession of, and took over payments for, the Jaguar and regularly drove it" and that "On May 8, 2015, Defendants CERRITO, BOBCHICK SR, DAWN BOBCHICK, BOBCHICK JR, and/or CERRITO was/were the owner(s) of the Jaguar."

public policy. Public policy forbids the issuance of an insurance policy where the insured lacks an insurable interest. A policy is void when there is not an insurable interest. [*Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 257-258; 819 NW2d 68 (2012) (quotation marks, citations, and alteration brackets omitted).]

It would not be possible to have an insurable interest in a vehicle without meeting the criteria for the exclusion here at issue, considered in light of the no-fault act's definitions of "owner," insofar as it withholds coverage for personal liability stemming from "**bodily injury** or **property damage** arising out of the ownership [or] use . . . of . . . a **motor vehicle** owned or operated by or . . . loaned to any **insured** . . . ."

Accordingly, plaintiff, having asserted the Bobchicks' insurable interest all the way to accepting a settlement from their auto insurer, should not now be allowed to take the "wholly inconsistent" position that the Bobchicks' association with the subject Jaguar is so remote or attenuated that their homeowner's policy's exclusion of coverage in connection with ownership or use of a vehicle owned or operated by, or lent to, an insured does not apply.

Accordingly, we hold that the subject homeowner's policy exclusion shields defendant from the $475,000 in social host liability embodied in the August 15, 2017 consent judgment between plaintiff and the Bobchicks, and, consistent with the remand order, we decline to revisit the issues decided in our earlier opinions in this case.

We affirm the trial court's grant of summary disposition to defendant as to this issue. Defendant may tax costs.


/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Michael J. Kelly