CELINA MUTUAL INSURANCE COMPANY v
LAKE STATES INSURANCE COMPANY

Docket No. 102683. Decided June 25, 1996. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals, and reinstated the judgment of the circuit court.

Celina Mutual Insurance Company brought an action in the Kent Circuit Court against Lake States Insurance Company, seeking partial recoupment under the no-fault act, MCL 500.3115(2); MSA 24.13115(2), of benefits it paid for injuries sustained by Robert Rood while he was driving one wrecker and towing another wrecker owned by Rood's Wrecker & Mobile Home Service, asserting that on the date of the accident Lake States insured three of Rood's personal vehicles. Lake States counterclaimed, seeking to recover amounts that it had mistakenly paid to Celina and asserted that Celina Mutual was in a higher priority than Lake States pursuant to § 3114(3). The court, George S. Buth, J., granted summary disposition for Lake States, finding that § 3114(3) applies when an injured person is operating an insured vehicle in the course of self-employment and that the insurer of the vehicle involved in the accident is solely responsible. The Court of Appeals, SAWYER, P.J., and BANDSTRA and R. B. BURNS, JJ., reversed in an unpublished opinion per curiam, concluding that a sole proprietor is not an employee for the purpose of § 3114(3), and that the insurer of the injured person's personal vehicles is in the same order of priority and must contribute to the payment of benefits (Docket No. 170289). Lake States seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

Section 3114(3) of the no-fault act applies when an injured person is operating an insured vehicle in the course of self-employment.

It is most consistent with the purposes of the no-fault statute to apply § 3114(3) in the case of injuries to a self-employed person so as to allocate the cost of injuries resulting from the use of business vehicles to the business involved through the premiums it pays for insurance. In cases like this, requiring both insurers to contribute to the payment of benefits would run contrary to the overall goal of

the no-fault insurance system and would result in duplicative administrative costs. Reliance on worker's compensation cases is misplaced. The rationale of worker's compensation schemes does not apply in the sole proprietorship context, and it is wholly consistent with the act that they not be included.

Reversed.

*Clary, Nantz, Wood, Hoffius & Cooper* (by *Stanley J. Stek* and *Douglas H. Wiegerink*) for the plaintiff.

*Nelson & Kreuger, P.C.* (by *Mark D. Goudy*), for the defendant.

PER CURIAM. This case involves a priority dispute between two no-fault insurers. The issue presented is whether § 3114(3) of the no-fault act[1] applies when the injured person is operating an insured vehicle in the course of self-employment. The trial court held that it does, and that the insurer of the vehicle involved in the accident is solely responsible for no-fault benefits. The Court of Appeals reversed, concluding that a sole proprietor was not an "employee" for the purpose of § 3114(3). Thus, the insurer of the injured person's personal vehicles was of the same order of priority and must contribute to the payment of benefits together with the insurer of the vehicle involved in the accident.

---

[1] MCL 500.3114(3);  MSA 24.13114(3).

An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

We agree with the trial court that § 3114(3) is applicable, and reverse the judgment of the Court of Appeals.

I

Plaintiff Celina Mutual filed this action against defendant Lake States as a result of a motor vehicle accident that injured Robert Rood. The complaint alleged that Rood was driving a wrecker truck owned by Rood's Wrecker & Mobile Home Service while towing another wrecker owned by that entity. The towed wrecker broke free from its hitch and went off the road, and the cable between the two wreckers caused the one driven by Mr. Rood to roll over. Celina Mutual further alleged that, pursuant to a policy it had issued to Rood's Wrecker & Mobile Home Service, it paid Mr. Rood's no-fault personal protection insurance benefits. The complaint asserted that on the date of the accident defendant Lake States insured three of Mr. Rood's personal vehicles. The complaint relied on MCL 500.3115(2); MSA 24.13115(2), which provides:

> When 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers.

In its answer, Lake States asserted that Celina Mutual's policy of insurance was in higher priority than the Lake States policy pursuant to § 3114.[2]

---

[2] Lake States also filed a counterclaim seeking to recover about $20,500 in no-fault benefits that it had mistakenly paid to Celina.

The parties filed a stipulation regarding the relevant facts for the purpose of their cross-motions for summary disposition, as follows:

1. Robert Rood sustained injuries as a result of an automobile accident that occurred in Michigan on July 27, 1990.

2. At the time of the accident, Robert Rood was operating a motor vehicle, which vehicle was owned by Robert Rood and insured by plaintiff, Celina Mutual Insurance Company, Policy No. 4449314-O, a copy of which is attached as Exhibit A.

3. At the time of the accident, Robert Rood was the self-employed owner of Rood's Wrecker & Mobil [sic] Home Service, a sole proprietorship, and was operating the above-mentioned vehicle within the scope of his responsibilities for Rood's Wrecker.

4. At the time of the accident, Robert Rood insured one additional motor vehicle with Celina Mutual under Policy No. 4449314-O.

5. At the time of the accident, Robert Rood insured three motor vehicles with defendant, Lake States Insurance Company ("Lake States"), Policy No. OA-723-604-3, a copy of which is attached as Exhibit B. These motor vehicles were jointly owned by Robert Rood and his wife, Barbara Rood.

The circuit court ruled that Rood was an "employee" for the purpose of § 3114(3). Thus, Celina Mutual was responsible for paying benefits, and it should reimburse Lake States for the partial payment the latter had made under a mistake of law or fact.

II

The Court of Appeals stated the issue as follows:

The question presented by this appeal is whether, under the facts of this case, Rood's Wrecker & Mobile Home Service was Rood's "employer" and Rood its "employee" for purposes of § 3114(3). Because the no-fault act does not

define these terms, we must necessarily consult other authority to resolve this inquiry.

The Court first looked to dictionary definitions of "employee" and "employer":

Black's Law Dictionary (5th ed), p 471, defines "employee" as "[a] person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed." It defines "employer" as "[o]ne who employs the services of others; one for whom employees work and who pays their wages or salaries." Implicit in these definitions is the assumption that the existence of an employer-employee relationship requires more than one individual or entity, and it follows that a sole proprietor like Rood cannot be an employee of his proprietorship.

The Court of Appeals also analogized to cases decided in the context of worker's compensation:

Our conclusion that Rood was not an employee of his proprietorship for purposes of § 3114(3) is bolstered by reference to decisions of this Court addressing the issue whether a sole proprietor is an employee for purposes of the Worker's Disability Compensation Act. In *White v Searls & White Tree Service*, 60 Mich App 714, 716-718; 231 NW2d 522 (1975), this Court upheld a Worker's Compensation Appeal Board decision holding that, as a sole proprietor, the deceased was not an employee of the proprietorship within the meaning of the worker's compensation act. In *Lee v J H Lee & Son*, 72 Mich App 257, 261-265; 249 NW2d 380 (1976), this Court held that a sole proprietor was incapable of being an employee of the proprietorship under a contract of hire and therefore did not qualify for worker's compensation benefits under the act. See also anno: *Ownership interest in employer business as affecting status as employee for workers' compensation purposes*, 78 ALR4th 973, collecting decisions expressing the view that a sole

proprietor cannot be an employee of the proprietorship within the meaning of state worker's compensation statutes.

The Court remanded for further proceedings.[3]

### III

We believe that it is most consistent with the purposes of the no-fault statute to apply § 3114(3) in the case of injuries to a self-employed person. The cases interpreting that section have given it a broad reading designed to allocate the cost of injuries resulting from use of business vehicles to the business involved through the premiums it pays for insurance. *State Farm Mut Automobile Ins Co v Sentry Ins*, 91 Mich App 109, 114-115; 283 NW2d 661 (1979); *Michigan Mut Ins Co v Farm Bureau Ins Group*, 183 Mich App 626, 633-634; 455 NW2d 352 (1990). In addition, in cases like the instant one, requiring both insurers to contribute to the payment of benefits would run contrary to the overall goal of the no-fault insurance system, which is designed to provide victims with assured, adequate, and prompt reparations at the lowest cost to both the individuals and the no-fault system. *Kitchen v State Farm Ins Co*, 202 Mich App 55; 507 NW2d 781 (1993); *Shavers v Attorney General*, 402 Mich 554, 578-579; 267 NW2d 72 (1978). Splitting the obligation to pay would result in duplicative administrative costs, by requiring several insurers to adjust a single claim.[4]

---

[3] Unpublished opinion per curiam, issued March 23, 1995 (Docket No. 170289).

[4] As Lake States points out, that is made more complicated in the instant case by the fact that Celina's policy is an uncoordinated one with regard to medical care costs, while Lake States' policy is coordinated.

The Court particularly relied on cases involving worker's compensation statutes which have held that a sole proprietor is not an "employee" for the purpose of those statutes. We believe that reliance on worker's compensation cases is misplaced. First, those cases rely on definitions of the term in worker's compensation statutes or insurance policies. For example, the Michigan statute, which the Court in *Lee v J H Lee & Sons*, *supra*, reluctantly held did not apply to sole proprietors, makes the act applicable to "[e]very person in the service of another, under any contract of hire, express or implied . . . ." MCL 418.161(k); MSA 17.237(161)(k). Sole proprietors cannot have a contract for hire with themselves. The no-fault statute has no such restrictive definition of "employee."

Second, the Court of Appeals analysis fails to take account of the vastly different purposes of the statutes. Worker's compensation statutes were enacted for the protection of both employees and employers. The system assures employees that they will be compensated for employment-related injuries through worker's compensation benefits without regard to fault. In exchange, the employer is granted immunity from suit and the possibility of excessive damage awards. *Wells v Firestone Tire & Rubber Co*, 421 Mich 641, 651; 364 NW2d 670 (1984). Sole proprietors cannot sue themselves and so need no protection from excessive damage awards. Because of this, the rationale of worker's compensation schemes does not apply in the sole proprietorship context, and it is wholly consistent with the act that they not be included. The opposite is true with respect to the no-fault act, whose goals are promoted by including self-employed persons within the purview of § 3114(3).

Accordingly, we reverse the judgment of the Court of Appeals, and reinstate the judgment of the circuit court.

BRICKLEY, C.J., and LEVIN, CAVANAGH, BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.