# STATE OF MICHIGAN

# COURT OF APPEALS

RAAD MAROUGI,

       Plaintiff-Appellant,

and

DETROIT ANESTHESIA GROUP, PLLC, and
MICHIGAN CRNA'S STAFFING, LLC,

       Intervening Plaintiffs,

v

AUTO CLUB INSURANCE ASSOCIATION,

       Defendant-Appellee.

UNPUBLISHED
October 22, 2015

No. 322120
Wayne Circuit Court
LC No. 12-005878-NF

Before: FORT HOOD, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition. We reverse.[1]

This case arises from injuries sustained by plaintiff as the result of a truck accident. Plaintiff worked as a truck driver with a company called Express-1, Inc. (Express-1), the same

---

[1] In its brief on appeal, defendant argues that this Court lacks jurisdiction because plaintiff appealed from the trial court's amended order denying plaintiff's motion for relief from the court's order granting defendant's motion for summary disposition, entered on May 23, 2014, and did not properly appeal from the original May 13, 2014 order denying the requested relief. In response, plaintiff contends that the Michigan Court Rules allow him to appeal within 21 days a trial court's entry of an order deciding a motion for a new trial, a motion for rehearing or reconsideration, or a motion for other relief, and that he had filed this appeal within 21 days of the trial court's amended order. We hold that plaintiff's appeal was timely because the amended order constituted a substantive change from the trial court's earlier order, not just a clerical mistake or rearranging of words.

company from whom he leased the truck. Plaintiff did not carry no-fault insurance on the truck, but Express-1 had a no-fault policy on the vehicle through Great West Casualty Company (Great West). Plaintiff insured at least one of his personal vehicles through defendant.

Plaintiff contends that the trial court erred in granting defendant's motion for summary disposition because he was an independent contractor and because there was a valid no-fault insurance policy on the truck, thereby entitling him to claim benefits from defendant, his personal no-fault insurance provider. We agree that the trial court erred in granting the motion, but not for the reasons advanced by plaintiff on appeal.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). While the trial judge did not identify the specific legal grounds on which he granted defendant's motion for summary disposition, his comments regarding plaintiff's status as an independent contractor or employee, along with his reliance on facts gleaned from plaintiff's deposition, suggest that he considered documentation beyond the pleadings in reaching his decision. Accordingly, review under the standards of MCR 2.116(C)(10) is appropriate in this case. See *Basic v Citizens Ins Co of the Midwest*, 290 Mich App 19, 23; 800 NW2d 93 (2010).

A motion for summary disposition pursuant to MCR 2.116(C)(10) challenges whether a plaintiff provided sufficient factual support for the claims in his complaint. *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 173; 858 NW2d 765 (2014). This Court considers "the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Id*. (citation and quotation marks omitted).

Under the no-fault automobile insurance act, MCL 500.3101 *et seq*., "insurance companies are required to provide first-party insurance benefits, referred to as personal protection insurance (PIP) benefits, for certain expenses and losses." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012); see MCL 500.3107 and MCL 500.3108. However, the no-fault act precludes a person who sustains injuries in a vehicle accident from claiming PIP benefits if the person's vehicle was uninsured at the time of the accident. MCL 500.3101(1); MCL 500.3113(b). This Court has held that there may be more than one statutory owner of a vehicle for no-fault purposes, *Integral Ins Co v Maersk Container Serv Co, Inc*, 206 Mich App 325, 332; 520 NW2d 656 (1994), and that MCL 500.3113(b) does not preclude payment of PIP benefits to one owner if another owner provides the required no-fault coverage, *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 45; 748 NW2d 574 (2008). MCL 500.3101 defines an "owner," in relevant part, as a person "having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days" and "[a] person that holds the legal title to a motor vehicle . . . other than a person engaged in the business of leasing motor vehicles[.]" MCL 500.3101(2)(k)(*i*) and (*iii*).

Assuming that the no-fault act does not preclude an injured person from claiming PIP benefits for the foregoing reasons, the person generally looks to his or her own no-fault insurance carrier for PIP coverage, "even if the injured party's vehicle was not involved in the accident." *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 262; 819 NW2d 68 (2012); see MCL 500.3114(1). MCL 500.3114(3) constitutes an exception to this general rule, providing that

"[a]n employee . . . who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle."

"For the purposes of MCL 500.3114(3), whether an injured party was an 'employee' is determined by applying the 'economic reality test.' " *Adanalic v Harco Nat Ins Co*, 309 Mich App 173, 190-191; ___ NW2d ___ (2015). "By this test, factors to be considered include: (a) control of the worker's duties, (b) payment of wages, (c) right to hire, fire and discipline, and (d) the performance of the duties as an integral part of the employer's business towards the accomplishment of a common goal." *Id*. at 191 (citation and quotation marks omitted). The list of factors in the economic reality test is nonexclusive, and no one factor is dispositive. *Buckley v Prof Plaza Clinic Corp*, 281 Mich App 224, 235; 761 NW2d 284 (2008). "The test takes into account the totality of the circumstances around the work performed[.]" *Id*. at 234.

Under the no-fault act, an independent contractor is not considered an employee. *Adanalic*, 309 Mich App at 191. "An independent contractor is defined as one who, carrying on an independent business, contracts to do work without being subject to the right of control by the employer as to the method of work but only as to the result to be accomplished." *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 73; 600 NW2d 348 (1999) (citation and quotation marks omitted). However, in a business-vehicle accident involving injuries to a self-employed sole proprietor, the Michigan Supreme Court has further held that the vehicle's no-fault insurer, rather than the sole proprietor's personal insurer, bears the highest priority of payment. See *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84, 89; 549 NW2d 834 (1996); see also *Besic*, 290 Mich App at 31-32.

In this case, the basic facts are not in dispute: plaintiff leased his truck from Express-1 but did not carry no-fault insurance on the vehicle, Express-1 *did* provide no-fault insurance on the truck, and plaintiff had a no-fault policy through defendant on at least one of his personal vehicles. Both plaintiff and Express-1 were owners of the truck for purposes of the no-fault act because plaintiff had use of the truck for more than 30 days under a lease, Express-1 held the title to the truck, and there was no evidence that Express-1 was engaged in the business of leasing motor vehicles. See MCL 500.3101(2)(k)(*i*) and (*iii*). Further, the no-fault act did not preclude plaintiff from claiming PIP benefits because Express-1 had a valid no-fault insurance policy on the truck. See MCL 500.3113; *Iqbal*, 278 Mich App at 45.

Thus, plaintiff's status as an employee of Express-1, an independent contractor, or a self-employed sole proprietor was a crucial issue because that status determined from which company he was entitled to claim PIP benefits. If plaintiff was an employee, he was entitled to claim benefits from Express-1, his employer. See MCL 500.3114(3). The same result would occur if he was a self-employed sole proprietor, because Great West was the truck's no-fault insurer. See *Celina Mut Ins Co*, 452 Mich at 89. If, instead, he was an independent contractor, he was entitled to claim PIP benefits from defendant, his personal no-fault insurer, under the no-fault act's general priority rule. See MCL 500.3114(1); *Corwin*, 296 Mich App at 262.

Rather than correctly resolving this critical issue, however, the trial court failed to apply the economic reality test, held that the issue was irrelevant because defendant was entitled to summary disposition regardless of plaintiff's employment status, and then stated in a later order

that "It does not matter if [p]laintiff was an independent contractor or employee[.]" Contrary to the trial court's reasoning, plaintiff's employment status—very nearly on its own—would resolve the issue of which insurer was liable for his PIP benefits. Accordingly, the trial court erred in granting defendant's motion for summary disposition because a genuine issue of fact existed regarding plaintiff's status, resolution of that issue was material to the case, and defendant was not entitled to judgment as a matter of law. See *Stone*, 307 Mich App at 173.

Moreover, this genuine issue of material fact still exists in spite of the trial court's subsequent repeated statements that plaintiff was an independent contractor, defendant's assertion on appeal that plaintiff was self-employed, and the parties' ever-shifting characterizations of plaintiff's status throughout the case. In support of a finding that plaintiff was an employee of Express-1, plaintiff testified during his deposition that he "worked for" Express-1, Express-1 was his current employer, he leased the truck from his employer, and he told the ambulance staff that he worked at Express-1. Express-1 also provided plaintiff's medical benefits, trained him at a two-day orientation to ensure that he followed the company's rules effectively, and called him numerous times to check on him after the accident. Great West, Express-1's insurance provider, was also the only company to pay plaintiff any PIP benefits, and plaintiff listed Express-1 as his present employer on his Great West application for benefits. Plaintiff also listed Express-1 as his employer on his application for benefits from defendant.

On the other hand, in support of plaintiff's status as an independent contractor, Express-1 apparently provided little to no supervision of plaintiff, simply supplying him with an address and leaving him to his own devices regarding his deliveries. He had no supervisor at the company and regularly dealt only with dispatchers who relayed load information to him. Plaintiff also received a 1099-Misc tax form from Express-1, and the form listed his income as "nonemployee compensation" and showed that Express-1 did not withhold federal or state taxes from his pay. See *Adanalic*, 309 Mich App at 193 (listing a 1099 form as one factor weighing toward a determination that a worker was an independent contractor). An Express-1 DOT checklist classifies plaintiff as an "owner/operator" rather than an employee. Plaintiff also classified himself as an "owner/operator" in his TransGuard insurance application through the National Association of Independent Truckers, and the contract language in the application specifically refers to plaintiff as an independent contractor. Accordingly, application of the economic reality test fails to establish plaintiff's status as a matter of law. See *id*. at 191. Instead, particularly when viewed in a light most favorable to plaintiff, sufficient evidence existed to create a genuine issue of material fact and preclude summary disposition in favor of defendant. See *Gorman*, 302 Mich App at 115; *Stone*, 307 Mich App at 173.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, the prevailing party, may tax costs. MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

-4-