# STATE OF MICHIGAN

# COURT OF APPEALS

TRUCK INSURANCE EXCHANGE,

        Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellee.

UNPUBLISHED
May 11, 2017

No. 332318
Kent Circuit Court
LC No. 14-011202-NF

Before: WILDER, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Truck Insurance Exchange, appeals as of right the trial court's March 22, 2016 final order, which granted summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant, Farm Bureau General Insurance Company of Michigan. We affirm.

The facts of this case are undisputed. On December 8, 2013, Leslie Cadman lost control of his vehicle and crashed into a guardrail. After the crash, Cadman called his grandson, Harry Bradley, Jr., asking for assistance, and Bradley traveled in a pickup to the scene of the crash shortly thereafter. When Bradley arrived, Cadman joined Bradley in Bradley's pickup. While both men waited in the pickup for a tow truck to arrive, an unrelated vehicle rear-ended Bradley's pickup, and Cadman sustained various injuries as a result of the collision. Plaintiff paid for Cadman's no-fault personal protection insurance benefits but later sued defendant, seeking a declaratory judgment and reimbursement for the benefits that it had paid. Plaintiff and defendant subsequently exchanged motions for summary disposition, and the trial court, recognizing that MCL 500.3114(3) controlled, granted defendant's motion for summary disposition and denied plaintiff's motion for summary disposition. This appeal followed.

There is only one issue before us on appeal: whether the trial court erred by concluding that Bradley was a self-employed sole proprietor at the time of the collision. If he was, plaintiff was responsible for paying benefits for Cadman pursuant to MCL 500.3114(3). If he was not, defendant was responsible for paying benefits for Cadman pursuant to MCL 500.3114(1). The trial court determined that Bradley was, in fact, a self-employed sole proprietor at the time of the collision, and we agree with that decision.

"Summary disposition [pursuant to MCR 2.116(C)(10) is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a

-1-

matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), courts are required to consider "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Id*. Ultimately, a trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(10) is reviewed de novo. *Id*.

Likewise, a trial court's interpretation and application of statutory provisions is also reviewed de novo. *Yono v Dep't of Transp*, 499 Mich 636, 645; 885 NW2d 445 (2016). At issue is this case in MCL 500.3114, which provides, in relevant part, as follows:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

> \* \* \*

> (3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

Consequently, in order for MCL 500.3114(3) to apply to the facts and circumstances of this case, four elements must have been satisfied: (1) Cadman must have been a relative of Bradley; (2) Cadman must have been domiciled with Bradley; (3) Cadman must have been an occupant of a vehicle that was owned or registered by Bradley; and (4) the vehicle must have been furnished by an employer. Before the trial court and again on appeal, plaintiff concedes that the first three requirements are satisfied. Thus, our determination is limited to the fourth and final requirement—whether the vehicle was furnished by an employer. While the terms "employer" and "employee" are not statutorily defined for purposes of MCL 500.3114(3), our Supreme Court has concluded that a self-employed sole proprietor is, in essence, an employer and an employee for purposes of that subsection. See *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84, 89; 549 NW2d 834 (1996). Thus, we must determine whether Bradley was a self-employed sole proprietor at the time of the December 8, 2013 collision. We conclude that he was.

During his deposition, Bradley openly acknowledged that he "could have been" self-employed at the time of the collision, that his self-employment was "a sporadic thing," that he was "self-employed on and off" as a "[h]andyman repairing stuff, just similar stuff like that, repairing cars," that the pickup involved in the collision at issue was insured by a commercial insurance policy, that he selected the commercial insurance policy for his pickup because "[i]t was the cheapest and . . . [he] had a car hauler, and occasionally one of [his] jobs, the car would be broke down and [he] would have to go get it and that was what [he] needed it for was the insurance," that he used the pickup when was working as a handyman, and that he made "[j]ust enough to live, maybe a thousand dollars" each year doing this type of work. In our view, this

evidence is sufficient to support the trial court's conclusion that, as a matter of law, Bradley was a self-employed sole proprietor at the time of the December 8, 2013 collision.

While we acknowledge that he did not register his handyman work with the State of Michigan or otherwise acknowledge it for tax purposes, we nevertheless believe that his actions, and especially his decision to purchase a commercial insurance policy due, at least in part, to his handyman work in hauling vehicles, provided sufficient evidence to render summary disposition appropriate in this case. Similarly, although we appreciate plaintiff's efforts to liken Bradley's actions to those of "a teenager babysitting or cutting lawns," we ultimately find those comparisons unpersuasive. The facts and circumstances presented in this case are more akin to a scenario where a grown adult babysits or cuts lawns somewhat consistently over a 15-year period in a manner that makes it necessary, or at least convenient, to obtain a commercial insurance policy for his or her vehicle in order to transport equipment as part of that self-employment. Accordingly, we reject plaintiff's arguments in this regard.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien