# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES DUCKWORTH,

       Plaintiff-Appellee,

and

ZURICH AMERICAN INSURANCE
COMPANY,

       Intervening Plaintiff

v

CHEROKEE INSURANCE COMPANY,

       Defendant-Appellant.

UNPUBLISHED
January 16, 2018

No. 334353
Wayne Circuit Court
LC No. 14-005196-NF

JAMES DUCKWORTH,

       Plaintiff-Appellee,

and

ZURICH AMERICAN INSURANCE
COMPANY,

       Intervening Plaintiff

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

       Defendant-Appellant.

No. 335241
Wayne Circuit Court
LC No. 15-006418-NF

Before: JANSEN, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

-1-

In this consolidated no-fault action, plaintiff sought first-party benefits from Cherokee Insurance Company (Cherokee) and Progressive Marathon Insurance Company (Progressive).[1] Although consolidated in this Court, these actions were litigated separately below. Zurich American Insurance Company (Zurich), who paid plaintiff "medical, wage loss, replacement and/or attendant care benefits," pursuant to a Trucker's Occupational Accident insurance policy, intervened as plaintiff in both actions.

The trial court denied Progressive's motion to consolidate plaintiff's claims. Regardless, following a hearing on plaintiff's claim against Cherokee, the trial court found that because plaintiff was an independent contractor, under MCL 500.3114(1), Progressive was the highest priority no-fault insurer, and therefore responsible for payment of PIP benefits to plaintiff. The trial court also found that Cherokee had prejudiced plaintiff's possible recovery by leading plaintiff to believe it did not need to file a claim against Progressive. As a result, a portion of plaintiff's claim against Progressive would be barred by the one-year back rule found in MCL 500.3145. The trial court ordered plaintiff to pursue Cherokee for PIP benefits from December 9, 2013, the date of the accident, to May 14, 2014, the date upon which plaintiff filed its claim against Progressive. Plaintiff was further ordered to separately pursue his claim against Progressive for PIP benefits from May 14, 2014 forward.

Cherokee and Progressive raise similar issues on appeal. In Docket No. 334353, Cherokee first asserts the trial court erroneously found that it was equitably estopped from asserting priority as a defense to payment of PIP benefits to plaintiff.[2] In both Docket No. 334353 and 335241, Cherokee and Progressive address whether the trial court correctly determined that plaintiff was an independent contractor for purposes of the priority dispute under MCL 500.3114, and similarly, whether the trial court erroneously relied on *Adanalic v Harco National Insurance Company*, 309 Mich App 173; 870 NW2d 731 (2015), as controlling authority. Finally, in Docket No. 335241, Progressive asserts that it was denied due process of law when the trial court incorporated rulings from plaintiff's case against Cherokee regarding Progressive's priority status into plaintiff's case against Progressive, without giving Progressive a meaningful opportunity to be heard.

In both Docket Nos. 334353 and 335241, we vacate the trial court's judgments against Cherokee and Progressive, and remand for the trial court to: (1) enter an order consolidating these actions, (2) using the economic reality test, determine plaintiff's employment status for the purpose of adjudicating priority under MCL 500.3114, and (3) determine whether Cherokee or Progressive is the highest priority no-fault insurer responsible for payment of PIP benefits to plaintiff.

---

[1] *Duckworth v Cherokee Ins Co*, unpublished order of the Court of Appeals, entered October 19, 2016 (Docket Nos. 334353; 335241).

[2] By stipulation of the parties, an additional issue regarding whether Zurich's lien for reimbursement of benefits paid to plaintiff was enforceable, has been dismissed. *Duckworth v Cherokee Ins Co*, unpublished order of the Court of Appeals, entered April 27, 2017 (Docket No. 334353

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff's claims arise out of a motor vehicle accident that occurred on December 9, 2013. Plaintiff had contracted with Speed Express, LCC (Speed Express) (a nonparty to this action) to drive various loads of cargo for delivery. On December 9, 2013, plaintiff was driving a tractor truck, owned by Speed Express, through the State of Arkansas, when he lost control of the tractor truck. The cargo in the tractor-trailer shifted, causing the tractor truck to overturn and trapping plaintiff inside. Plaintiff sustained serious physical injuries in the accident, for which he was hospitalized.

Plaintiff began to receive medical and wage loss benefits from Zurich under a trucker's occupational accident policy held by Speed Express. Plaintiff also requested PIP benefits from Cherokee, who insured the tractor truck under a policy that included Michigan no-fault coverage. On April 21, 2014, plaintiff filed suit against Cherokee, alleging that Cherokee unreasonably refused to pay first-party PIP benefits for his injuries. Cherokee responded, asserting 157 affirmative defenses, including affirmative defense 109, which stated: "[t]hat at the time of the accident complained of, [p]laintiff resided in a household with a personal protection insurance policy applicable to this loss and is not entitled to benefits from [Cherokee.] MCL 500.3114(1)." In fact, as reported on its application for benefits from Cherokee, plaintiff had a personal Michigan no-fault insurance policy through Progressive.

Plaintiff moved for partial summary disposition, under MCL 500.3114, and asked the trial court to determine whether Cherokee was the highest priority no-fault insurer. Following a hearing, the trial court determined that because no evidence was presented to suggest, "that there was a policy in higher priority," plaintiff's motion for partial summary disposition "as it relates to Cherokee is going to be granted." However, the trial court noted on the record that should evidence of a higher priority insurer be provided at a later date, the trial court agreed to "revisit the issue down the line[.]"

Following further discovery, Cherokee moved for summary disposition under MCL 2.116(C)(8) and (C)(10), asserting that under the economic reality test, plaintiff was an independent contractor, not an employee of Speed Express, and therefore plaintiff must pursue PIP benefits from Progressive, his personal no-fault insurer, rather than Cherokee. MCL 500.3114(1), (3).

On May 14, 2015, one day after Cherokee filed its motion for summary disposition, plaintiff filed suit against Progressive, seeking first-party PIP benefits for his injuries. Progressive responded, asserting *inter alia* that it was not the highest priority no-fault insurer, and that plaintiff's recovery may be barred for failure to comply with the reasonable notice requirements of the Michigan No-Fault Act, MCL 500.3101 *et seq*. Progressive also filed a motion to consolidate this action with plaintiff's action against Cherokee. The trial court denied that motion.

The trial court heard arguments on Cherokee's motion for summary disposition during a hearing on July 24, 2015. Although Progressive was not a party to the action, and did not file or receive briefs on the issues raised by Cherokee, an attorney for Progressive was present for the hearing. The trial court determined that "[e]veryone seems to agree that [plaintiff] was an

-3-

independent contractor." An attorney for Progressive interjected, stating that Progressive "does dispute" that plaintiff was an independent contractor. Over Progressive's objection, the trial court determined that plaintiff was an independent contractor, therefore Progressive was "first in priority" for payment of PIP benefits. However, the trial court suggested that Cherokee may have prejudiced plaintiff's recovery by leading plaintiff to believe that "it was not necessary to file a claim against Progressive." Accordingly, some of plaintiff's recovery could be barred under the one-year back rule of the no-fault act.

Following subsequent motion practice in plaintiff's case against Cherokee, an "Order Governing Proceedings" was entered on November 9, 2015. In its order, the trial court again reiterated that plaintiff was an independent contractor, and that Progressive was first in priority. The trial court also reiterated that because plaintiff "apparently has been led to believe it was not necessary to file a claim against Progressive," plaintiff would also have a claim "against Cherokee . . . on the basis that its actions prejudiced [p]laintiff's ability to recover[.]" Accordingly, plaintiff was ordered to pursue his claim against Cherokee for PIP benefits from December 9, 2013, the date of the accident, to May 14, 2014, the date upon which plaintiff filed its claim against Progressive. Plaintiff was ordered to pursue his claim against Progressive for PIP benefits from May 14, 2014 onward. Again, the trial court reiterated that the cases "are not consolidated and separate orders and pleadings must be filed in the appropriate case." The order was filed in both cases.

In Docket No. 334353, a stipulation and order of judgement against Cherokee was entered on July 28, 2016. The trial court assessed damages against Cherokee to plaintiff in the amount of $43,628.48 for PIP benefits for the period of December 9, 2013 to May 14, 2014. In Docket No. 335241, a stipulation and order of judgment against Progressive was entered on September 30, 2016. The trial court assessed damages against Progressive to plaintiff in the amount of: $43,628.75 representing lost wages for the period of May 14, 2014 to June 30, 2016; $30,836.00 representing benefits for attendant care for the period of May 14, 2014 to December 31, 2015; $11,860.00 representing benefits for replacement services for the period of May 14, 2014 to December 27, 2015; and $1,062.09 representing benefits for medical mileage for the period of May 14, 2014 to June 16, 2016. These appeals followed.

## II. ANALYSIS

We first address Progressive's due process argument in Docket No. 335241. We agree with Progressive that when adjudicating the priority rights of the various insurers, due process required Progressive be joined as a necessary party, or at least have its motion to consolidate granted, before the trial court determined that Progressive was the highest priority insurer, and therefore obligated to pay PIP benefits to plaintiff. For that reason, we vacate the judgements against Cherokee and Progressive, in Docket Nos. 334353 and 335241, respectively, and remand for further proceedings as described herein.

"[W]hether a party has been denied due process of law presents a legal question that is reviewed de novo." *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 476; 844 NW2d 470 (2014).

The United States and Michigan constitutions preclude the government from depriving a person of life, liberty, or property without due process of law. US Const, Am. XIV; Const 1963, art 1, § 17. "While the meaning of the Due Process Clause and the extent to which due process must be afforded has been the subject of many disputes, there can be no question that, at a minimum, due process of law requires that deprivation of life, liberty, or property by adjudication must be preceded by notice and an opportunity to be heard." *Bonner v City of Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014). "To comport with these procedural safeguards, the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Id*. "The opportunity to be heard does not mean a full trial-like proceeding, but it does require a hearing to allow a party the chance to know and respond to the evidence." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995).

Further, MCR 2.205 provides:

Subject to the provisions of subrule (B) and MCR 3.501, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

Prior to adjudicating priority interests, due process required Progressive be joined as a defendant to plaintiff's action against Cherokee, or at the very least, Progressive's motion to consolidate the two cases should have been granted. Under MCL 500.3114, if Progressive is the highest priority insurer, it becomes obligated to pay plaintiff PIP benefits related to his injuries sustained in the underlying tractor truck accident. The trial court was aware that Progressive was a non-party to plaintiff's action against Cherokee, and that Progressive's motion to consolidate had been filed, before determining Progressive was the highest priority insurer. Accordingly, it was erroneous to impose priority insurer status on Progressive in a separate action, to which it was not a party, without first allowing Progressive to challenge that priority status.

## III. INSURER PRIORITY

In both Docket No. 334353 and 335241, Cherokee and Progressive disagree regarding plaintiff's employment status as it relates to MCL 500.3114. Cherokee argues that under the economic reality test, plaintiff was an independent contractor, and therefore, must seek payment of PIP benefits from Progressive, pursuant to MCL 500.3114(1). However, Progressive takes the position that Michigan jurisprudence "compels the conclusion that [plaintiff] was self-employed," and therefore, in accordance with *Celina Mutual Insurance Company v Lake States Insurance Company*, 452 Mich 84; 549 NW2d 834 (1996), plaintiff is entitled to payment of PIP benefits from Cherokee pursuant to MCL 500.3114(3).

Under the no-fault act, "[a]n employee . . . who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits . . . from the insurer of the furnished vehicle." MCL 500.3114(3). However, "[a]n independent contractor is not considered an 'employee' for purposes of the no fault act." *Adanalic*, 309 Mich App at 191. Therefore, independent contractors must seek payment of any PIP benefits from his or her personal no-fault insurer, if any. *Id*. at 194.

-5-

To determine whether a plaintiff is an employee for purposes of MCL 500.3114(3), this Court employs the "economic reality test." *Id*. at 190-191. "By this test, factors to be considered include: (a) control of the worker's duties, (b) payment of wages, (c) right to hire, fire and discipline, and (d) the performance of the duties as an integral part of the employer's business towards the accomplishment of a common goal." *Id*. at 191 (quotation marks and citation omitted). No one factor is controlling. *Clark v United Technologies Automotive, Inc*, 459 Mich 681, 688-689; 594 NW2d 447 (1999).

We note, again, that the trial court made its determination that plaintiff was an independent contractor for the purposes of MCL 500.3114 in plaintiff's action against Cherokee, to which Progressive was a non-party. Additionally, transcripts from a July 24, 2015 hearing in plaintiff's action against Cherokee indicate that although plaintiff, Zurich, and Cherokee all conceded that plaintiff was an independent contractor, Progressive, given the opportunity to be heard, would "dispute" that. Accordingly, once these cases are consolidated on remand, the trial court should reevaluate plaintiff's employment status for purposes of MCL 500.3114.

Additionally, we briefly note that in both Docket Nos. 334353 and 335241, Cherokee and Progressive disagree regarding whether the trial court erroneously relied on *Adanalic*, rather than *Celina*, as controlling authority. Progressive insists the two cases cannot be reconciled. We disagree.

Under *Adanalic*, a trial court must apply the economic reality test when evaluating whether an injured party was an employee or an independent contractor for purposes of the no-fault act. If an injured party is deemed to be an independent contractor, the injured party must seek payment of PIP benefits from its personal no-fault insurer. *Adanalic*, 309 Mich App at 194. Comparatively, in *Celina*, our Supreme Court determined that if an injured party is self-employed as independent contractor, *and is acting on behalf of his or her business at the time the accident occurs*, that injured party can be considered an "employee" for the purpose of MCL 500.3114(3). *Celina*, 452 Mich at 89. In such a situation, the injured party is entitled to payment of PIP benefits from the "insurer of the furnished vehicle." *Id*.; MCL 500.3114(3). Therefore, we conclude that if an injured party is deemed to be an independent contractor under the economic reality test, the next relevant inquiry becomes whether the injured party was self-employed, i.e., acting on behalf of his or her business, at the time they were injured.

Finally, in Docket No. 334353, we address Cherokee's claim that the trial court committed error requiring reversal by denying its motion for summary disposition on the basis that Cherokee was estopped from raising priority as a complete defense. We agree.

This Court reviews decisions on summary disposition de novo. *City of Grosse Pointe Park v Michigan Municipal Liability and Property Pool*, 473 Mich 188, 196; 702 NW2d 106 (2005). Although Cherokee moved for summary disposition under both MCL 2.116(C)(8) and (C)(10), the trial court looked beyond the pleadings when considering Cherokee's motion. We therefore treat it as having been denied under MCL 2.116(C)(10).

A motion for summary disposition brought under MCL 2.116(C)(10), "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy*

*Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). The facts must be viewed in a light most favorable to the nonmoving party when deciding a motion for summary disposition. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

The trial court determined that although Progressive was the first priority insurer, plaintiff "apparently has been led to believe it was not necessary to file a claim against Progressive," and therefore, equitable principles dictated that plaintiff would be able to pursue a claim "against Cherokee . . . on the basis that its actions prejudiced [p]laintiff's ability to recover," due to the no-fault act's one-year back rule. MCL 500.3145. We disagree.

"The principle of estoppel is an equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract." *Morales v Auto–Owners Ins Co*, 458 Mich 288, 295; 582 NW2d 776 (1998). "Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existence of the facts." *Casey v Auto Owners Ins Co*, 273 Mich App 388, 399; 729 NW2d 277 (2006) (quotation marks and citation omitted). However, as previously determined by this Court, when a party is "actually cognizant of all the material facts," they may not claim estoppel, even "if that cognizance is by virtue of an agent." *Sisk-Rathburn v Farm Bureau General Ins Co of Michigan*, 279 Mich App 245, 429; 760 NW2d 878 (2008), (citation omitted). Put simply, "where plaintiff had a feasible means to discover the truth, [he] cannot contend that [he] was influenced by the defendant." *Id.* (citation omitted).

Here, plaintiff had "a feasible means to discover the truth" regarding payment of his PIP benefits. The trial court, and plaintiff, failed to appreciate that when answering plaintiff's complaint, Cherokee pleaded 157 affirmative defenses, eight of which having to do with priority. As affirmative defense 109, Cherokee pleaded, "[t]hat at the time of the accident complained of, [p]laintiff resided in a household with a personal protection insurance policy applicable to this loss and is not entitled to benefits from [Cherokee.] MCL 500.3114(1)." Further, in the application of benefits submitted to Cherokee, attached to Cherokee's motion for summary disposition as Exhibit 6, plaintiff listed his personal no-fault policy with Progressive which covered three of plaintiff's personal vehicles. It is clear that six months before the end of the one-year period referenced under MCL 500.3145, Cherokee put plaintiff on notice that it intended to assert priority as a defense, and that plaintiff should consider seeking payment of PIP benefits from his personal no-fault insurer: Progressive. Accordingly, on remand, Cherokee should not be estopped from asserting priority as a defense.

Based on the foregoing, in both Docket Nos. 334353 and 335241, we vacate the trial court's judgments against Cherokee and Progressive, and remand both cases so the trial court can: (1) enter an order consolidating these actions, (2) using the economic reality test, determine plaintiff's employment status for the purpose of adjudicating priority under MCL 500.3114, and (3) determine whether Cherokee or Progressive is the highest priority no-fault insurer responsible for payment of PIP benefits to plaintiff.

Reversed and remanded.  We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan