# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHAEL ANTHONY SAPPINGTON and
ANGELA SAPPINGTON,

        Plaintiffs,

v

JOHN SHOEMAKE and TST EXPEDITED
SERVICES INC.,

        Defendants,

and

CHEROKEE INSURANCE COMPANY,

        Defendant-Appellee,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
October 30, 2018

No.   337994
Wayne Circuit Court
LC No.   15-009836-NI

---

Before:  CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

CAMERON, P.J. (*concurring*).

While I concur with the majority opinion, I write separately to further explain why the trial court was not required to undergo an analysis using the economic reality test.  The trial court acknowledged that there was no dispute that plaintiff, Michael Sappington, was an independent contractor of TST Expedited Services, Inc. (TST).  However, the trial court's analysis turned solely on whether Sappington was both an independent contractor of TST and a self-employed sole proprietor because he owned the truck, hired employees, and contracted with trucking companies. Ultimately, in granting State Farm's motions for summary disposition, the trial court concluded that Sappington could not be both an independent contractor with TST and a self-employed sole proprietor of his own business.  Thus, the circumstances, as a matter of law, did not square with *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84; 549 NW2d 834 (1996). However, we now conclude that Sappington, like the plaintiff in *Celina*, was a self-employed sole proprietor—though he may have also been an independent contractor—and the exception

-1-

under MCL 500.3114(3) is applicable. Therefore, Cherokee is the priority insurer because it furnished insurance on the truck at issue.


/s/ Thomas C. Cameron