*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES DUCKWORTH,

       Plaintiff-Appellee,

and

ZURICH AMERICAN INSURANCE COMPANY,

       Intervening Plaintiff

v

CHEROKEE INSURANCE COMPANY,

       Defendant-Appellee,

and

PROGRESSIVE MARATHON INSURANCE
COMPANY,

       Defendant-Appellant.

FOR PUBLICATION
August 6, 2020

No. 347865
Wayne Circuit Court
LC No. 14-005196-NF; 15-
006418-NF

Before: RIORDAN, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

RIORDAN, P.J. (*concurring*).

       I concur with the majority opinion's de novo application of the four-factor test from *Adanalic v Harco Nat Ins Co*, 309 Mich App 173, 190-191; 870 NW2d 731 (2015), and the conclusion that plaintiff was an employee, rather than an independent contractor as the trial court held on remand. However, I would end the analysis there rather than apply the additional factors

set forth in *McKissic v Bodine*, 42 Mich App 203, 208–209; 201 NW2d 333 (1972)—a nonbinding case involving a claim for Worker's Compensation.[1]

In our prior opinion, we disagreed with Progressive that *Adanalic* and *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84; 549 NW2d 834 (1996), were irreconcilable, and we interpreted the cases as providing a two-step framework. First, "[u]nder *Adanalic*, a trial court must apply the economic reality test when evaluating whether an injured party was an employee or an independent contractor for purposes of the no-fault act." *Duckworth v Cherokee Ins Co (Duckworth I)*, unpublished opinion per curiam of the Court of Appeals, issued January 16, 2018 (Docket Nos. 334353, 335241), p 6. Second, per *Celina*, "if an injured party is deemed to be an independent contractor under the economic reality test, the next relevant inquiry becomes whether the injured party was self-employed, i.e., acting on behalf of his or her business, at the time they were injured." *Id*.

I agree with the majority's conclusion that only the first step is required in this case because, under the *Adanalic* factors, plaintiff was a Speed Express employee. The *Adanalic* factors are not exhaustive, *Buckley v Prof Plaza Clinic Corp*, 281 Mich App 224, 235; 761 NW2d 284 (2008), and our Supreme Court has not limited the *McKissic* factors to only Workers' Compensation cases, *Coblentz v City of Novi*, 475 Mich 558, 578; 719 NW2d 73 (2006) (considering whether attorney fees were recoverable in an action involving the Freedom of Information Act (FOIA), MCL 15.234(3)). However, there is no binding case law that requires consideration of the *McKissic* factors in the no-fault context, and I decline to do so in this instance where the *Adanalic* factors are sufficient to resolve the issue. If this Court intends to incorporate the *McKissic* factors into the no-fault legal framework, it should do so clearly in a holding where the application of the *McKissic* factors is outcome determinative, rather than addressing the issue in dictum as the majority opinion does here.

I concur with the majority opinion in all other respects.

/s/ Michael J. Riordan

---

[1] Cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority, *Auto–Owners Ins Co v Martin*, 284 Mich App 427, 444 n 4; 773 NW2d 29 (2009).