*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

GAVRIL MICLEA,

        Plaintiff,

and

MICHIGAN HEAD & SPINE INSTITUTE, P.C.,

        Intervening Plaintiff,

v

CHEROKEE INSURANCE COMPANY,

        Defendant-Appellee,

and

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellant,

and

MICHIGAN ASSIGNED CLAIMS PLAN and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendants.

FOR PUBLICATION
September 17, 2020

No. 344694
Wayne Circuit Court
LC No. 16-011913-NF

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

K. F. KELLY. (*dissenting*).

-1-

I respectfully dissent. Because I conclude that Auto Club Insurance Association (Auto Club) was the highest-priority no-fault insurer for purposes of plaintiff's claim for personal protection insurance (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq*., I would affirm.

The applicable facts and standard of review are delineated in the majority opinion. Briefly, plaintiff was injured when he slipped and fell while trying to put antifreeze in his 2000 Volvo tractor (the truck). Plaintiff owned the truck, but it was leased by Universal Am-Can, Ltd (Universal), and he provided driving services to Universal through an independent contractor agreement. Plaintiff maintained personal automobile insurance through Auto Club, and Universal maintained business automobile insurance through Cherokee Insurance Company (Cherokee). Plaintiff attempted to obtain PIP benefits from Auto Club, Cherokee, and defendant Michigan Assigned Claims Plan, but was denied benefits. He then filed this lawsuit, seeking a determination regarding the insurer highest in priority for purposes of his claim for PIP benefits.

In Michigan, MCL 500.3114(1) sets forth the general rule to determine the Michigan insurer responsible for providing PIP benefits. *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 490; 835 NW2d 363 (2013). By its terms, MCL 500.3114(1), states in relevant part, that "a personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." MCL 500.3114(1). Thus, the no-fault insurance policy secured by the injured person's household is first in order of priority for payment of no-fault benefits. *Corwin v DaimlerChrysler Ins*, 296 Mich App 242, 255; 819 NW2d 68 (2012). "[I]t is the policy of the no-fault act that persons, not motor vehicles, are insured against loss." *Lee v Detroit Auto Inter-Ins Exch*, 412 Mich 505, 509; 315 NW2d 413 (1982). Accordingly, a personal insurer of an injured claimant may be liable for benefits despite the fact that it has written no coverage respecting any vehicle involved in the accident and indeed that no vehicle involved in the accident has any coverage whatever. This requirement, that the insurer of a personal vehicle must provide benefits regardless of whether the insured vehicle is involved in the accident, remains applicable. *Corwin*, 296 Mich App at 255.

In MCL 500.3114(3), however, there is an employee exception to that general rule:

An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

To determine priority, one must examine whether plaintiff was an "employee" for purposes of MCL 500.3114(3) such that Cherokee would be responsible for payment of PIP benefits as, "the insurer of the furnished vehicle," rather than Auto Club, plaintiff's personal automobile insurer under MCL 500.3114(1).

The economic-reality test provides the appropriate framework for determining whether an individual is an employee or an independent contractor under Michigan's no-fault act. *Parham v Preferred Risk Mut Ins Co*, 124 Mich App 618, 624; 335 NW2d 106 (1983). However, Auto Club concedes that plaintiff was Universal's independent contractor, not its employee. Despite that concession, Auto Club argues that plaintiff was an "employee" for purposes of MCL 500.3114(3) for the

simple reason that he was self-employed and occupying a vehicle that he owned at the time of his injuries.

With respect to that argument, the trial court concluded that the outcome of this case was controlled by *Adanalic v Harco Nat Ins Co*, 309 Mich App 173; 870 NW2d 731 (2015). In *Adanalic*, the plaintiff, who "had contracted with DIS Transportation [DIS] to pick up, haul, and deliver various loads of cargo," "was seriously injured while unloading a pallet from a disabled box truck onto a semi-trailer," both of which were owned by DIS. *Id*. at 177. When the plaintiff sought PIP benefits, a dispute arose as to which automobile insurer was liable for these benefits: Harco National Insurance Company, DIS's business automobile insurer, or Michigan Millers Mutual Insurance Company (Millers), the plaintiff's personal automobile insurer. *Id*. The trial court determined that Millers, the plaintiff's personal automobile insurer, was the highest-priority no-fault insurer. *Id*. at 178.

In reaching that decision, the trial court emphasized the following aspects of the relationship between the plaintiff and DIS: (1) the contract between the plaintiff and DIS identified him as an independent contractor, (2) the plaintiff "had the right to decline to haul any load offered by DIS" and "this was the actual practice between the parties," (3) although their agreement "state[d] that DIS compensated [the plaintiff] based on a percentage of the loads he delivered," the plaintiff "was responsible for withholding all taxes and for workers compensation insurance," (4) their agreement "was terminable at will by either party," and (5) the performance of the plaintiff's duties were not an integral part of DIS' business." *Adanalic*, 309 Mich App at 191-192. Based on these considerations, the trial court concluded that the plaintiff "was an independent contractor, not an employee" for purposes of MCL 500.3114(3). *Id*. at 192.

This Court affirmed that decision by determining that, "[f]or purposes of MCL 500.3114(3), whether an injured party was an 'employee' is determined by applying the 'economic reality test.' " *Adanalic*, 309 Mich App at 190-191. The economic-reality test weighs several factors, this Court recognized, including "(a) control of the worker's duties, (b) payment of wages, (c) right to hire, fire and discipline, and (d) the performance of the duties as an integral part of the employer's business towards the accomplishment of a common goal." *Id*. at 191 (citation and internal quotation marks omitted). Nevertheless, this Court explained, "[a]n independent contractor is not considered an 'employee' for purposes of the no-fault act." *Id*., citing *Citizens Ins Co of America v Auto Club Ins Ass'n*, 179 Mich App 461, 465; 446 NW2d 482 (1989). Because it "h[e]ld that the trial court did not err by finding that, for purposes of the no-fault act, [the plaintiff] was an independent contractor, not an employee, of DIS," this Court concluded that "the trial court did not err by ruling that Millers, as [the plaintiff's] no-fault insurer, was responsible for payment of his PIP benefits." *Id*. at 194.

As Cherokee contends, and the trial court concluded, *Adanalic* is on point. Like the injured person in that case, plaintiff was performing truck-driving services under an independent-contractor agreement. Similar to the factual scenario in *Adanalic*, plaintiff testified that he was paid "[a] percentage" of each shipment, not by the hour; received 1099s, not W2s; paid for the truck's registration, fuel, repairs, and "everything" else himself; had the right to refuse loads; and chose his own routes to make deliveries. As a result, pursuant to *Adanalic*, plaintiff was an independent contractor, not an employee, for purposes of MCL 500.3114(3).

Auto Club contends, however, that *Adanalic* is distinguishable "because the injured person in that case did not own the trailer involved in the accident." "Stated another way," Auto Club claims,

-3-

"*Adanalic* did <u>not</u> involve a self-employed person who was injured while occupying a business vehicle he owned." Auto Club argues that *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84; 549 NW2d 834 (1996), and *Besic v Citizens Ins Co of the Midwest*, 290 Mich App 19; 800 NW2d 93 (2010), control because those cases added an additional legal inquiry to the determination of whether an injured person was an independent contractor: whether the injured person was also self-employed and occupying an owned business vehicle.

In *Celina*, Robert Rood was injured while driving a wrecker owned by his own towing company, Rood's Wrecker & Mobile Home Service. *Celina Mut Ins Co*, 452 Mich at 86. Celina Mutual Insurance Company (Celina), Rood's Wrecker & Mobile Home Service's business automobile insurer, paid Rood's claim for PIP benefits but also filed suit against Lake States Insurance Company, Rood's personal automobile insurer, alleging that it was the highest-priority no-fault insurer. *Id*. The trial court concluded that MCL 500.3114(3) applied to Rood because he was an "employee" of Rood's Wrecker & Mobile Home Service despite it being his own business. *Id*. at 85. Therefore, the trial court held, Celina, as the insurer of the vehicle involved in the accident, was the highest-priority insurer. *Id*. Although this Court reversed, "concluding that a sole proprietor was not an 'employee' for the purpose of § 3114(3)," the Supreme Court reversed and reinstated the trial court's decision. *Id*. at 85-86.

According to the Supreme Court, its decision was "most consistent with the purposes of the no-fault statute to apply § 3114(3) in the case of injuries to a self-employed person." *Celina Mut Ins Co*, 452 Mich at 89. The Court explained: "The cases interpreting that section have given it a broad reading designed to allocate the cost of injuries resulting from use of business vehicles to the business involved through the premiums it pays for insurance." *Id*.[1] Conversely, the Court continued, the Court of Appeals' analysis relied too heavily "on cases involving worker's compensation statutes which have held that a sole proprietor is not an 'employee' " and "were enacted for the protection of both employees and employers." *Id*. at 90. The no-fault act, on the other hand, "has no such restrictive definition of 'employee' " and achieves its "goals . . . by including self-employed persons within the purview of § 3114(3)." *Id*.

This Court deemed *Celina*'s analysis controlling in *Besic* several years later. In that case, after quoting the Supreme Court's analysis, this Court held that *Celina* mandated that MCL 500.3114(3) apply even though the plaintiff was a self-employed independent contractor rather than an employee. The Court stated:

> Besic owned the truck and worked as a self-employed independent contractor for MGR. Consistently with the Michigan Supreme Court's analysis in *Celina*, 452 Mich at

---

[1] The *Celina* Court expressly held that the act was designed to allocate the cost to the business for the premium it pays for the vehicle. However, there is no definition of employee in MCL 500.3114(3). Consequently, businesses have hired owners of tractor-trailers as independent contractors and leased the owner's vehicle. Thus, the characterization of this employment relationship, despite the business lease of the vehicle, effectively allows the business to avoid payment for PIP benefits and place the burden on the independent contractor's personal insurer, a result that was not intended.

89, the priority language in MCL 500.3114(3) extends to the self-employment situation of Besic.

* * *

Because MCL 500.3114(3) applies to the undisputed facts of this case, it dictates that Besic "shall receive personal protection insurance benefits to which [he] is entitled from the insurer of the furnished vehicle." In light of the fact that only Clearwater [Insurance Company] extended PIP benefits to the truck involved in Besic's accident, it has first priority to pay Besic's first-party benefits. [*Besic*, 290 Mich App at 32.]

In reaching that decision, this Court expressly rejected arguments regarding a lack of evidence as to who Besic's purported "employer" was for purposes of the statute. *Id*. at 33.

While our Supreme Court's opinion in *Celina* and this Court's opinion in *Besic* are closely related to the circumstances presented here, *Adanalic* still controls. While *Adanalic* stands for the proposition that the injured party must seek payment of PIP benefits from its personal no-fault insurer when deemed to be an independent contractor, *Celina* and *Besic* stand for the proposition that the injured party must seek payment of PIP benefits from the insurer of the vehicle if the person is self-employed *and* if the person is acting on behalf of his or her business at the time the accident occurs. But if an injured party is deemed to be an independent contractor under the economic-reality test, the question becomes whether he was acting on behalf of his business at the time of the injury.

Here, while plaintiff was self-employed, he was acting on behalf of Universal, the trucking company he worked for as an independent contractor, *not* himself as an employer. Consequently, *Celina* and *Besic* are not directly on point. Instead, because plaintiff was undisputedly an independent contractor—Auto Club expressly concedes that point on appeal—at the time he sustained his injuries, and was acting on behalf of Universal, MCL 500.3114(3) does not apply. Although there are circumstances that distinguish this case from *Adanalic* as well, including differences regarding the ownership of the truck involved, it is my view that the injured person's personal automobile insurer is responsible for PIP benefits if the person is an independent contractor alone, but the insurer of the vehicle involved is responsible if the person is self-employed *and* acting on behalf of his or her own self-employment, as this outcome appears most consistent with *Adanalic*, *Celina*, *Besic*, and the statutory language at issue. Moreover, I reject Auto Club's contention that *Celina* and *Besic* added an additional legal inquiry to the independent contractor determination. The plain language of MCL 500.3114(3) contains no such requirement.

Because I conclude that the trial court properly determined that plaintiff was not an "employee" for purposes of MCL 500.3114(3), I would hold that the trial court correctly identified Auto Club, not Cherokee, as the highest-priority no-fault insurer for purposes of plaintiff's claim for PIP benefits. Therefore, I would affirm.

/s/ Kirsten Frank Kelly

-5-